UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RICARDO LUNA,

            Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

            Defendant.

CASE NO. 2:15-cv-01278 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 4). Plaintiff has filed an Opening brief, to which defendant has

responded (*see* Dkt. 10, 11).

      After considering and reviewing the record, the Court concludes that the ALJ did

not err by failing to develop the record. There is no objective evidence in the record to

substantiate the allegation of a 100% VA disability rating, and plaintiff's equivocal

testimony at the hearing did not render the record ambiguous regarding this allegation.

Furthermore, the ALJ noted and discussed the 90% VA disability rating, and discussed

various other aspects of the record substantiating the ALJ's finding that insufficient

evidence in the record demonstrated this level of disability.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, RICARDO LUNA, was born in 1965 and was 44 years old on the alleged

date of disability onset of April 15, 2010 (*see* AR. 185-86, 202-03). Plaintiff was a

paratrooper in the military (AR. 30) and his other work history consists of fabricator

helper for a heating and cooling vendor, retail sales worker and utility worker (AR. 233-

42). Plaintiff was last employed as a salesperson at Home Depot but that ended due to

conflicts with other employees and customers (AR. 31-32).

According to the ALJ, plaintiff has at least the severe impairments of "Post

traumatic stress disorder (PTSD); [and] anxiety disorder (20 CFR 404.1520(c))" (AR.

12).

At the time of the hearing, plaintiff was living with his 9-year-old son (AR. 29).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

reconsideration (*see* AR. 62-73, 75-86, 88-96, 98-106). Plaintiff's requested hearing was

held before Administrative Law Judge Glen G. Meyers ("the ALJ") on December 17,

2013 (*see* AR. 24-60). On January 31, 2014, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 7-23).

In plaintiff's Opening Brief, plaintiff raises the following issue:  (1) Whether or not the Commissioner erred by failing to develop the evidentiary record properly (*see* Dkt. 10, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**Did the Commissioner err by failing to develop the evidentiary record properly?**

The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's "duty exists even when the claimant is represented by counsel." *Brown*, *supra*, 713 F.2d at 443 (*citing Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)).  However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if

the record is inadequate to allow for proper evaluation of the evidence.  *Mayes v.*

*Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144,

1150 (9th Cir. 2001) (*citing Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

Plaintiff contends that the ALJ failed to develop the record fully because "there is

evidence that plaintiff received a disability rating of 100% from the Veterans

Administration ["VA"]" (Dkt. 10, p. 3 (*citing* AR. 308)). However, the only evidence of a

100% disability from the VA cited by plaintiff entails plaintiff's theoretical discussion

with a therapist regarding what benefits would result from a 100 percent disability

finding from the VA (*see* Dkt. 10, p. 3 (*citing* AR. 308)). The therapy progress note

indicates that "Client Report / Topics of Session" included "100% disability =

$3000/monthly income and he could get a part-time job" (AR. 308). Because the progress

note indicates that with this 100% disability, plaintiff also "could" get a part-time job,

this suggests that this was a discussion of a hypothetical situation that did not exist at the

time (*see id.*). Furthermore, as argued by defendant, in the cited progress note, plaintiff

simply was describing his plans to reopen his VA claim for an increase to 100%

disability, a finding which is buttressed by a subsequent progress report which indicated

that plaintiff "'will be applying for 100% disability'" (Dkt. 11, p. 4 (*quoting* AR. 307)).

The Court finds defendant's argument to be persuasive and her characterization of the

record to be accurate (*see* AR. 307-08). Plaintiff did not file a reply to challenge this

argument or characterization of the record. Even if this progress note represented an

actual allegation of a contemporaneous circumstance, it still only reflected plaintiff's

allegation of such (*see id*.). The Court notes that the ALJ failed to credit fully plaintiff's

credibility, a finding that was not challenged by plaintiff (AR. 16).

In addition, as noted by defendant in her responsive brief, when the ALJ

questioned plaintiff about evidence in the record that described a 90% VA disability

rating, plaintiff "testified equivocally that he believed he had a VA disability rating of

100%" (Dkt. 11, p. 3 (*citing* AR. 40)). Again, as noted, plaintiff did not file a reply to this

characterization by defendant. Plaintiff's response at the hearing included the following

testimony:

> Well, first off, it's -- and, believe me, when it comes to these forms, I get
> confused. It was explained to me that I am at 100%. I have another form
> that got sent to me -- I, I wish I had brought it -- that shows me a 100%.
> Because I also have hearing problems, which -- because of all -- being
> around automatic fire and armored vehicles and planes, it's understandable.
> To be honest, I, I'm still -- I don't understand all these things, that I just do
> . . . ."

(AR. 40). Plaintiff did not submit any further documentation regarding any 100%

disability rating.

For the reasons stated, the Court concludes that the record does not contain any

objective evidence regarding a 100% VA disability rating, and allegations by plaintiff of

such a rating entail a future hypothetical scenario, and equivocal evidence and confusion

regarding such rating. The Court concludes that the ALJ did not err in his duty to develop

the record regarding any 100% VA disability rating.

In addition, the Court finds persuasive defendant's argument that there could not

have been any error because the ALJ considered and discussed the VA disability rating

that is in the record (Dkt. 11, pp. 2, 3, 4-5, 6-7). Defendant contends that the ALJ

1    considered the VA disability rating of 90%, considered other evidence in the record that

2    was not available to the VA, and gave specific, persuasive and valid reasons for failing to

3    credit fully the VA 90% disability rating (*see id.* at 6-7).

4         Regarding the weight to be given to a disability determination by the VA, the

5    Ninth Circuit has agreed "with the approach of the Fourth, Fifth, and Eleventh Circuits

6    and h[e]ld that in an SSD case an ALJ must ordinarily give great weight to a VA

7    determination of disability  .  .  .  because of the marked similarity between these two

8    federal disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.

9    2002) (internal citations omitted). The court further concluded that "the ALJ may give

10   less weight to a VA disability rating if he gives persuasive, specific, valid reasons for

11   doing so that are supported by the record." *Id.* (citation omitted).

12

13        Here, the ALJ provided two reasons for failing to credit fully "the rating from the

14   Veterans Administration that the claimant is 90% disabled, with 70% of that disability

15   stemming from his PTSD" (AR. 17 (*citing* AR. 480)). First, the ALJ noted that the VA

16   did not provide any rationale for the findings (*id.* (*citing* AR. 480)). This finding by the

17   ALJ is based on substantial evidence in the record as a whole. Even if this finding by the

18   ALJ is not sufficient to support the "little weight" to the rating from the VA, the ALJ also

19   found that there was insufficient evidence in the record to demonstrate that plaintiff has

20   this level of disability (AR. 17). Defendant argues that this rationale is persuasive,

21   specific, and valid, in the context of the ALJ's written decision, because the ALJ here,

22   similar to the situation presented in a Ninth Circuit case, "similarly considered evidence

23   not considered by the VA, including evidence that undermines the credibility of

24

plaintiff's allegations; State agency psychiatric and psychological consultants' opinions indicating he could perform work tasks not requiring frequent interactions with the public; and vocational expert's testimony describing his ability to perform jobs existing in significant numbers in the national economy" (Dkt. 11, pp. 6-7 (*citing Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 695 (9th Cir. 2009)). Defendant's argument is persuasive.

   For example, after finding that the objective medical evidence was inconsistent with plaintiff's allegations of limitations, the ALJ found that the "record contains several other inconsistencies that further reduce the claimant's credibility" (AR. 16). The ALJ indicated that this finding was based in part on evidence in the record that even though plaintiff alleged that he suffered from disabling limitations as a result of his PTSD and other mental conditions following his discharge from the military, plaintiff worked at both Best Buy and Home Depot for four years at each business after his discharge (*see id.*). As found by the ALJ, the "evidentiary record does not explain how the claimant managed to maintain his employment for such a significant period of time while being affected by severe mental conditions at the same time" (*see id.*).

   The ALJ also discussed how various activities conducted by plaintiff were inconsistent with plaintiff's allegation of social and other mental limitations:

   For example: (1) the claimant is the primary caretaker of his young son, who has his own mental conditions; (2) the claimant traveled to California with his son in 2012 by air, on a trip that included significant contact with the public in airports in spite of his mental condition; (3) in 2011, the claimant volunteered in homeless camps and Native American reservations in spite of his mental condition; (4) has a personal trainer and exercises at a personal fitness center; (5) he drives his truck to

remote areas to hike; (6) writes, and has a future goal of writing a children's book (internal citations omitted). I further note that although the Veterans Administration (VA) rates the claimant's disability at 90% total and his PTSD is 70%, there is no support for these ratings in the evidence contained in this record (internal citation to AR. 480).

(AR. 16).

The ALJ also discussed and gave significant weight to state agency opinions that plaintiff was not mentally disabled, with a finding that "this is credible [and] consistent with the longitudinal record and [plaintiff's] daily activities" (AR. 17 (*citing* AR. 88-96, 98-106)). The ALJ specified that, as "outlined above, the claimant is largely normal on mental status examination [and] both his social functioning as well as his concentration, persistence and pace comport with these findings as discussed" (AR. 17 (citations omitted)). Although the state agency doctors opined that plaintiff suffered from some moderate limitations, such as in his ability to interact with the public, they both concluded that plaintiff's limitations did not render him unable to work pursuant to the Social Security guidelines (*see* AR. 96, 105). The ALJ formulated a residual functional capacity ("RFC") based in large part on the opinions from the state agency doctors (AR. 15, 17). And, based on this RFC, the vocational expert ("VE") opined that numerous jobs exist in the national economy that plaintiff could perform (AR. 18-19).

The situation presented in this matter is analogous to that presented in *Valentine*, as argued by defendant. *See Valentine, supra,* 574 F.3d at 695 ("the ALJ was justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have"). Because the ALJ discussed persuasive evidence that undermined the 90% disability finding by the VA, the Court

concludes that the ALJ provided specific, persuasive, and valid reasons for failing to credit fully the 90% disability determination by the VA. *See id.; McCartey, supra*, 298 F.3d at 1076.

## CONCLUSION

Based on the  stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 1st day of March, 2016.

J. Richard Creatura
United States Magistrate Judge